UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANU SHAH,<br>Plaintiff,<br>-v-<br>VIRAL BHAGAT,<br>Defendant. | 26-CV-6324 (RA) (RFT)<br>**ORDER** |

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE**:

Pending before the Court is Plaintiff's letter-motion for alternative service on Defendant by email of the summons and forthcoming Amended Complaint ("AC") (ECF 32) (the "Motion") (ECF 32). For the reasons set forth below, Plaintiff's motion is **DENIED** without prejudice to refiling.[1]

## BACKGROUND

On July 22, 2026, Plaintiff, who is proceeding pro se, filed a complaint against Defendant, bringing claims against him for (1) cybersquatting under 15 U.S.C. 1125(d); (2) copyright infringement under 17 U.S.C. § 501; (3) trademark infringement under 15 U.S.C. § 1114; (4) false designation of origin, passing off, and unfair competition under 15 U.S.C. § 1125(a); (5) trademark counterfeiting under 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c); (6) trademark dilution by garnishment under N.Y. Gen. Bus. Law § 360-1; (7) defamation under New York common law; (8) tortious interference with prospective business relations under New

[1] This motion falls within the scope of my reference for general pretrial supervision (ECF 12). *See Zobay v. MTN Group Ltd.*, 21-CV-3503 (CBA) (VMS), 2025 WL 5144123, at *2 (E.D.N.Y. Mar. 6, 2025) ("Motions for service by alternative means are non-dispositive pretrial matters.").

York common law; and (9) intentional infliction of emotional distress under New York common law. (*See* ECF 1, Compl. ¶¶ 190-243.)

The same day, Plaintiff filed a memorandum of law in support of an application for a temporary restraining order ("TRO"), seeking an order to freeze a website that she alleges Defendant controls; the activity on that website is central to the claims she asserts in the Complaint. (*See generally* ECF 2, Pl.'s TRO Mem.) On July 28, 2026, Plaintiff filed a declaration in support of her application for a temporary restraining order, which stated that she was making the application on an ex parte basis. (*See* ECF 4, Pl.'s TRO Decl.)[2]

On August 12, 2026, Plaintiff filed an amended declaration and an amended memorandum of law in support of her application for a temporary restraining order. (*See* ECF 9, Pl.'s Am. TRO Decl.; ECF 10, Pl.'s Am. TRO Mem.) On August 27, 2026, Judge Ronnie Abrams referred this matter to me for general pretrial supervision and to write a report and recommendation on Plaintiff's TRO Motion. (*See* ECF 12, Ord. of Ref.) On August 28, 2026, I denied Plaintiff's request that the TRO be granted on an ex parte basis and ordered Plaintiff to serve on Defendant by email a copy of my order and to file proof of her service; I also set deadlines for Defendant to file an opposition to Plaintiff's TRO application and for Plaintiff to file a reply in further support of her TRO application. (*See* ECF 13, Aug. 28, 2026 Order.) On

---

[2] On August 1, 2026, Plaintiff filed another complaint and memorandum of law in support of her application for a temporary restraining order, but both filings appear to be copies of the complaint and memorandum of law she had previously filed. (*See generally* ECF 7, Compl.; ECF 8, Pl.'s TRO Mem.) On September 10, 2026, Plaintiff filed a letter-motion for leave to file the AC (ECF 22). The decision on that letter-motion is pending.

September 6, 2026, Defendant filed his opposition to Plaintiff's TRO application (ECF 18) and on September 11, 2026, Plaintiff filed her reply in further support of the TRO application (ECF 23).

On September 14, 2026, Plaintiff filed the Motion, requesting permission to serve Defendant "by email pursuant to Federal Rule of Civil Procedure 4(e)(1) and CPLR 308(5)." (ECF 32, Pl.'s Letter-Mot.)

**LEGAL STANDARD**

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).[3] "Under New York law, a party may effectuate service through alternative means, including by email, if the traditional methods of service are impracticable." *Tantaros v. Fox News Network, LLC*, No. 25-CV-1675 (VSB), 2025 WL 2237407, at *1 (S.D.N.Y. Aug. 6, 2025). *See also* CPLR § 308 (5) ("Personal service upon a natural person shall be made . . . in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.").

Under Section 308 of the CPLR, "[t]he traditional methods of service include personal service or delivery to the actual place of business or dwelling place of the person to be served and by either mailing the summons to the . . . last known residence or actual place of business of the person to be served." *Tantaros*, 2025 WL 2237407, at *1 (quoting CPLR § 308(1)-(2)). "If service through these methods cannot be made with due diligence, then a party may effectuate

---

[3] Unless otherwise indicated, this opinion and order omits internal quotation marks, citations, footnotes, and alterations from quoted text.

service under Section 308(4) by affixing the summons to the door of either the actual place of business [or] dwelling place of the person to be served and mailing the summons to such person at his or her last known residence or . . . mailing the summons by first class mail to the person to be served at his or her actual place of business," which is colloquially referred to as "nail and mail" service. *Tantaros*, 2025 WL 2237407, at *1 (quoting CPLR § 308(4)).

If the plaintiff demonstrates that all the above methods of service are "impracticable," the court may, upon the plaintiff's motion, order that the plaintiff serve the defendant by an alternative method, including email. *See Tantaros*, 2025 WL 2237407, at *1. The alternative method of service must comport with constitutional due process "by being reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021).

While the "impracticability" standard is not easily defined, generally, "a plaintiff must make some showing that the other prescribed methods of service could not be made." *Avail 1 LLC v. Kalsi*, No. 23-CV-1641 (LJL), 2023 WL 7297214, *2 (S.D.N.Y. Nov. 6, 2023). To do so, the plaintiff must "set forth factual allegations to establish . . . what steps plaintiff had taken to effect service pursuant to the prescribed methods, when such steps were undertaken, and/or why such steps were not practicable under the particular facts and circumstances." *Id*. And although the plaintiff need not show "proof of actual prior attempts to serve a party" through New York's traditional methods of service, "unsuccessful attempts to serve a defendant are strong evidence of impracticability." *In re Qiwi PLC Sec. Litig.*, No. 20-CV-6054 (RPK) (CLP), 2022 WL 20527316, at *4 (E.D.N.Y. Sept. 30, 2022).

When a party is pro se, the court will construe her submissions "liberally to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law, including the requirements of adequate service." *Gang Chen v. China Green Agric. Inc.*, No. 20-CV-09232 (MKV), 2021 WL 103306, at *3 (S.D.N.Y. Jan. 6, 2021).

**DISCUSSION**

Plaintiff bases her Motion on her "three unsuccessful attempts to serve Defendant personally." (ECF 32, Letter-Mot. at 1.) She asserts, with no additional explanation, that Defendant "appears to be avoiding service." (*Id*.) She argues that because I previously ordered Plaintiff to serve Defendant by email with an order giving him an opportunity to oppose her TRO application, and because Defendant opposed her TRO application, service by email is reasonably calculated to put Defendant on notice of her forthcoming AC. (*See id.*)

Plaintiff has not met her burden of demonstrating that the traditional methods of service under New York law are impracticable. In her Motion, Plaintiff states that she made three attempts to personally serve Defendant that were all unsuccessful but offers no other details – where she tried to effect service, how she determined Defendant's work and home addresses, and whether she attempted nail and mail service – and she does not explain why taking such steps would be impracticable. (*See* ECF 32, Letter-Mot. at 1.) In support, she cites an exhibit that was not docketed with the Motion; she indicates in another filing that the Clerk's office has had problems docketing exhibits to her filings. (*See* ECF 20, Pl.'s Sept. 8, 2026.) She does not explain the steps she took to serve Defendant personally, where she attempted to

serve Defendant, how she confirmed Defendant's work or home address; nor if she attempted "nail and mail" service or if it would be impracticable to do so.

Plaintiff's conclusory statement that Defendant appears to be evading service (*See* ECF 32, Letter-Mot. at 1) is insufficient to demonstrate that alternative service is warranted. *See Tantaros*, 2025 WL 2237407) (rejecting the plaintiff's allegation that the defendants were attempting to evade service where the plaintiff had "fail[ed] to describe any [ ] pattern or practice of evasion or obstruction [of service]" and made only a "conclusory claim that there [wa]s a documented pattern of evasion and non-cooperation").

I therefore cannot conclude from Plaintiff's submission that ordering alternative service is appropriate. *See Tantaros*, 2025 WL 2237407 at *2 (denying the plaintiff's motion for alternative service where the plaintiff did not "demonstrate why the traditional methods of service could not be made" nor "argue impracticability"); *Avail 1*, 2023 WL 7297214, at *3 (denying the plaintiff's motion for alternative service because the plaintiff did not show "that the traditional methods of service outlined in [CPLR] 308(1), (2), and (4) could not be made"); *Lateral Recover LLC v. Benchmark Builders, Inc.*, No. 22-CV-10447 (JLR), 2023 WL 4549529, *2 (S.D.N.Y. Jul. 14, 2023) (denying the plaintiff's motion for alternative service where the plaintiff did not "sufficiently show[ ] what efforts were taken to identify the addresses where the attempted service . . . was made, nor what efforts were taken to locate further information about [the defendant's] location.").[4]

---

[4] Plaintiff seeks alternative service pursuant to New York law, where this case is pending. She could also request permission for alternative service in accordance with the laws of the state "where service is made," which would be Defendant's state of residence – California. *See* Fed. R. Civ. P. 4(e)(1). But even under California law, Plaintiff's motion would fail. Courts in the

However, Plaintiff has demonstrated that service by email at the given email address would be reasonably calculated to provide notice to Defendant and would therefore comport with constitutional due process. *See Europgold Ltd. v. Silver N Gold Wholesale, LLC*, 2025 WL 1898949, at *2 (S.D.N.Y. Jul. 9, 2025) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED** without prejudice to refiling. If Plaintiff wishes for permission to serve the summons and forthcoming AC on Plaintiff by email, she must demonstrate that she has attempted the traditional methods of service authorized by CPLR § 308 or explain why serving Defendant by such methods is impracticable.

DATED: September 23, 2026
New York, NY

**SO ORDERED**.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

---

Ninth Circuit have held that under Cal. Civ. Proc. Code § 413.30, service by email will be permitted only when "the plaintiff demonstrated reasonable diligence in its attempts to serve the defendants." *Gnathonic, LLC v. Dingman*, No. 19-CV-1502 (VAP), 2019 WL 13166751, at *2 (C.D. Cal. Oct. 2, 2019). "Reasonable diligence" generally requires "a thorough, systematic investigation and inquiry conducted in good faith." *Id*. at *3. Plaintiff has not satisfied this standard. *See, e.g., THC-Orange County Inc. v. Valdez*, No. 17-CV-1911 (LB), 2017 WL 2171185, at *3 (holding that the plaintiff did not demonstrate reasonable diligence under California law where it unsuccessfully attempted to serve the defendant four times but did not provide any other details about how it attempted to confirm the defendant's residence).